Bernice Gainer,

    Plaintiff,

v.                                                                                                    Civil No. 09-690 (JNE/JSM)
                                                                                                        ORDER

Mylan Bertek Pharmaceuticals, Inc.;
Mylan Pharmaceuticals, Inc.; Actavis Mid-
Atlantic, LLC; Actavis Group; Morton
Pharmaceutical, Inc.; Taro Pharmaceuticals, Inc.;
Vistapharma, Inc.; Barr Pharmaceuticals, Inc.;
Hospira Worldwide, Inc.; and Baxter
Healthcare Corporation,

    Defendants.

Plaintiff Bernice Gainer brought this federal diversity action on March 25, 2009. The Complaint named numerous pharmaceutical companies, including Mylan Bertek Pharmaceuticals, Inc., and Mylan Pharmaceuticals, Inc. (collectively, Mylan). Mylan was served on July 20, 2009.[1] Mylan filed a Motion to Dismiss shortly thereafter. Plaintiff filed no memorandum opposing Mylan's motion, but two days before the scheduled hearing on the motion, "[o]ut of an abundance of caution," Plaintiff moved to continue the hearing because of "circumstances which prevent[ed] either of Plaintiff's Counsel from appearing at [the] [h]earing." In light of Plaintiff's failure to respond to Mylan's motion, the Court treated the matter as submitted without oral argument, cancelled the hearing, and denied Plaintiff's motion as moot. The Court now considers the merits of Mylan's motion.

### I.     BACKGROUND

Mylan manufactures, packages, markets, distributes, promotes, and sells the generic equivalent of the prescription drug Dilantin, which contains the active ingredient Phenytoin.[2]

---

[1]     No other Defendant has been served.

[2]     The Court uses Phenytoin to denote Dilantin and its generic equivalents.

1

While living in Ohio in 2002, Plaintiff was prescribed Phenytoin to treat seizures. Plaintiff was diagnosed with Stevens Johnson Syndrome (SJS) in March 2003. After continued use of Phenytoin, Plaintiff was again diagnosed with SJS in addition to Toxic Epidermal Necrolysis (TEN) in June 2004. These conditions required lengthy and painful treatment, including a skin graft, and left Plaintiff with permanent hair loss, dry skin, and scarring. Plaintiff alleges that Phenytoin caused her SJS and TEN. Plaintiff's Complaint asserts claims for failure to warn, defective design or manufacture, fraud, breach of implied warranty, breach of express warranty, negligence, and gross negligence. Plaintiff seeks compensatory and punitive damages. Mylan maintains that Plaintiff's Complaint fails to state a claim.

## II. DISCUSSION

When ruling on a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must accept the facts alleged in the complaint as true and grant all reasonable inferences in favor of the plaintiff. *Crooks v. Lynch*, 557 F.3d 846, 848 (8th Cir. 2009). Although a complaint is not required to contain detailed factual allegations, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Under Ohio law,[3] "all common law product liability claims or causes of action" accruing after April 7, 2005, are abrogated by Ohio Revised Code §§ 2307.71-.80 (2009). *See Doty v. Fellhauer Elec., Inc.*, 888 N.E.2d 1138, 1142 (Ohio Ct. App. 2008) (holding claims accruing before April 7, 2005, not abrogated even if action commenced after that date). A claim for bodily injury caused by "ethical drugs"[4] accrues when "the plaintiff is informed by competent medical authority" that a relationship exists between an injury suffered by the plaintiff and the drugs, or when the plaintiff should have known of such a relationship through the exercise of reasonable diligence. Ohio Rev. Code § 2305.10(B)(1) (2009).

In this case, all of Plaintiff's claims are common law product liability claims.[5] *See, e.g.*, *McAuliffe v. W. States. Imp. Co.*, 651 N.E.2d 957, 961 (Ohio 1995) (gathering cases recognizing common law product liability claims for defective manufacture, defective design, inadequate warning, and failure to conform to representation); *Freas v. Prater Constr. Corp.*, 573 N.E.2d 27, 30 (Ohio 1991) (identifying elements for product liability claim based upon negligence);

---

[3] Mylan argues that Ohio law applies to Plaintiff's claims. Plaintiff has waived any argument to the contrary by not responding to Mylan's motion. *Cf. P & O Nedlloyd, Ltd. v. Sanderson Farms, Inc.*, 462 F.3d 1015, 1017 n.3 (8th Cir. 2006) ("[C]hoice of law is waived if not timely raised."). Nevertheless, even under a traditional choice-of-law analysis, Ohio law would apply because all of the relevant conduct occurred in Ohio and the only connection this litigation has to Minnesota is Mylan's general sale of its products in the state. *See Nesladek v. Ford Motor Co.*, 46 F.3d 734, 738-41 (8th Cir. 1995) (identifying Minnesota's choice-of-law analysis and refusing to apply Minnesota law largely due to a lack of meaningful contacts with the state); *Schmelzle v. ALZA Corp.*, 561 F. Supp. 2d 1046, 1048-50 (D. Minn. 2008) (same).

[4] "'Ethical drug' means a prescription drug that is prescribed or dispensed by a physician or any other person who is legally authorized to prescribe or dispense a prescription drug." Ohio Rev. Code §§ 2305.10(F)(2), 2307.71(A)(4).

[5] Mylan argues only that the fraud, breach of warranty, and negligence claims are common law product liability claims. Plaintiff, however, has alleged no statutory basis for her failure to warn and defective design or manufacture claims, and the Court treats those claims as common law product liability claims.

*Lonzrick v. Republic Steel Corp.*, 218 N.E.2d 185, 192-94 (Ohio 1966) (recognizing breach of implied warranty claim in product liability context); *Rogers v. Toni Home Permanent Co.*, 147 N.E.2d 612, 615-16 (Ohio 1958) (recognizing breach of express warranty claim in product liability context); *Saylor v. Providence Hosp.*, 680 N.E.2d 193, 195-96 (Ohio Ct. App. 1996) (dismissing "products liability claim for misrepresentation" because of failure to allege any misrepresentations). Thus, these claims are valid only if they accrued before April 7, 2005. The Complaint, however, contains no allegations related to when Plaintiff was told of or should have been aware of a relationship between SJS, TEN, and Phenytoin. Therefore, because the Complaint does not contain sufficient factual detail to permit a reasonable inference that the alleged claims accrued before April 7, 2005, dismissal of Plaintiff's claims against Mylan is warranted. This dismissal is without prejudice, and Plaintiff is granted leave to file an amended complaint to assert cognizable claims under Ohio law.[6] The Court does not address Mylan's other arguments.

### III. CONCLUSION

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Mylan's Motion to Dismiss [Docket No. 3] is GRANTED.

2. Plaintiff's claims against Mylan are DISMISSED WITHOUT PREJUDICE.

3. Plaintiff is granted leave to file an amended complaint on or before February 10, 2010.

4. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, the Court notifies Plaintiff that it will dismiss this action without prejudice as to all remaining

---

[6] If Plaintiff chooses to file an amended complaint, the Court admonishes her counsel that the dilatoriness with which this matter has been prosecuted thus far will not be tolerated. Full knowledge of and obedience to this District's Local Rules is expected. The failure to meet such requirements will be cause for dismissal of this action.

4

Defendants unless Plaintiff effects proper service on those Defendants no later than February 17, 2010.

Dated: January 11, 2010

                                                  s/ Joan N. Ericksen
                                                  JOAN N. ERICKSEN
                                                  United States District Judge